1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JABBARI McELROY,                        No.  2:15-cv-2271-EFB P

12              Plaintiff,

13        v.                                  SCREENING ORDER AND ORDER
                                              GRANTING IFP; FINDINGS AND
14   CDC, et al.,                             RECOMMENDATIONS RECOMMENDING
                                              MOTION FOR INJUNCTIVE RELIEF BE
15              Defendants.                   DENIED

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

19   forma pauperis pursuant to 28 U.S.C. § 1915, motions for injunctive relief, and a request for

20   appointment of counsel.

21   **I.    Request to Proceed In Forma Pauperis**

22        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   **II.   Screening Requirement and Standards**

27        Federal courts must engage in a preliminary screening of cases in which prisoners seek

28   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief.  The complaint names defendants CDC, Isad, Lopez, Holmes, Walker, Virgas, and Beard.  The

allegations, which are difficult to decipher, include the following: (1) between September 2009 and November 2011, defendants subjected plaintiff to "behavioral experiments and chemical dependency as a retaliatory measure to defraud and oppress" plaintiff,  ECF No. 1 at 4-5; (2) defendants assigned plaintiff to "injurious" prison cells and punitive segregation, *id.* at 5; (3) plaintiff was deprived of "sufficient medical living space," *id.* at 7; (4) plaintiff was attacked and rendered unconscious, *id.* at 8; (5) defendants confiscated plaintiff's legal items and cancelled his grievances, *id.* at 9; (6) defendants have "reinjured" plaintiff  and still deny any proper medical care, *id.* at 11; (7) plaintiff is in "incessant pain from traumas grief, side effects of involuntary psychotropic and mood stabilizers . . . and . . . experiences the same musculoskeletal spasms which contribute to frequent loss of use; inability to regularly stand/walk without collapse or pause," *id.* at 14; and (8) as of September 15, 2015, plaintiff experienced internal bleeding, threatened airway constriction, broken rib, and a twisted and swollen "scribing hand," *id.* at 14-15.

Plaintiff's intention appears to be to assert various Eighth Amendment claims of deliberate indifference.  However, he has not pleaded sufficient facts to state a proper claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

*/////*

3

1   Any amended complaint must identify as a defendant only persons who personally

2   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

3   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

4   constitutional right if he does an act, participates in another's act or omits to perform an act he is

5   legally required to do that causes the alleged deprivation).

6   It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

7   Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*

8   *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

9   Any amended complaint must be written or typed so that it so that it is complete in itself

10   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

11   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

12   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

13   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

14   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

15   1967)).

16   The court cautions plaintiff that failure to comply with the Federal Rules of Civil

17   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

18   *See* E.D. Cal. Local Rule 110.

19   In addition, the court notes that the following legal standards may apply to plaintiff's

20   intended claim for relief.

21   To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

22   constitutional or statutory right; and (2) that the violation was committed by a person acting under

23   the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

24   930, 934 (9th Cir. 2002).

25   An individual defendant is not liable on a civil rights claim unless the facts establish the

26   defendant's personal involvement in the constitutional deprivation or a causal connection between

27   the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.*

28   *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

4

1   Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional

2   conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff must

3   identify the particular person or persons who violated his rights. He must also plead facts

4   showing how that particular person was involved in the alleged violation.

5         Claims for damages against the state, its agencies or its officers for actions performed in

6   their official capacities are barred under the Eleventh Amendment, unless the state waives its

7   immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of*

8   *State Police*, 491 U.S. 58, 71 (1989) (neither a state nor its officials acting in their official

9   capacities are persons under § 1983). Section 1983 does not abrogate the states' Eleventh

10  Amendment immunity from suit. *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979). *See also*

11  *Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits

12  against state officials sued in their individual capacities, nor does it bar suits for prospective

13  injunctive relief against state officials sued in their official capacities).

14        The Eighth Amendment protects prisoners from inhumane methods of punishment and

15  from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

16  2006). To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to

17  support a claim that prison officials knew of and disregarded a substantial risk of serious harm to

18  the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,

19  1128 (9th Cir. 1998). Extreme deprivations are required to make out a conditions of confinement

20  claim, and only those deprivations denying the minimal civilized measure of life's necessities are

21  sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,

22  503 U.S. 1, 9 (1992). Prison officials "must provide humane conditions of confinement,"

23  including "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832-33.

24        To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

25  plaintiff must establish that he had a serious medical need and that the defendant's response to

26  that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

27  *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to

28  treat the condition could result in further significant injury or the unnecessary and wanton

infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from

constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted).  However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.  A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837.  Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted).

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Thus, plaintiff may not impose liability on defendants Tseng or Smiley simply because they played a role in processing plaintiff's inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . .  Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

## IV.    Motion for Injunctive Relief

Plaintiff seeks a temporary restraining order requiring, among other requests, that officials "fully restore [his] legal property," write him a letter of apology, transfer him to another prison,

1    provide him with a wheelchair, and deliver meals and legal property to his cell door.  ECF No. 5

2    at 3; *see also* ECF Nos. 6, 10.

3           A temporary restraining order may be issued upon a showing "that immediate and

4    irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

5    in opposition."  Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status

6    quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

7    longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). "The

8    standards for granting a temporary restraining order and a preliminary injunction are identical."

9    *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l*

10   *Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an

11   analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary

12   restraining order).

13          A preliminary injunction will not issue unless necessary to prevent threatened injury that

14   would impair the courts ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

15   *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

16   F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

17   power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*,

18   326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a party

19   must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable

20   harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

21   injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.

22   2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has

23   also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing

24   the elements of the preliminary injunction test, so that a stronger showing of one element may

25   offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for Wild*

26   *Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions

27   going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support

28   issuance of an injunction, assuming the other two elements of the *Winter* test are also met."  *Id.*

8

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Given the complaint's vague and conclusory allegations, the court cannot determine whether plaintiff is likely to succeed on his claims, and plaintiff's request for a preliminary injunction must be denied. Nor is there any evidence that plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. During the course of this action, plaintiff will have the opportunity to conduct discovery and present evidence. Presently, however, plaintiff fails to make a clear showing that he is entitled to the extraordinary remedy of a preliminary injunction. Plaintiff also has not shown that the balance of equities tips in his favor or that the injunction he seeks is in the public interest. Therefore, the court recommends that plaintiff's motion for a preliminary injunction be denied.

**V.     Request for Appointment of Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**VI.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 4) is granted.

/////

9

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's request for the appointment of counsel (ECF No. 9) is denied without prejudice.

5. The Clerk is directed to randomly assign a United States District Judge to this case.

Further, it is hereby RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos. 5, 6, 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 6, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE